JS - 6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SACV 16-0930 AG (JCGx) | Date | July 30, 2016 |
|---|---|---|---|
| Title | IN RE DAVID RICHARD LUSK | | |

| Present: The Honorable | ANDREW J. GUILFORD | | |
|---|---|---|---|
| Lisa Bredahl | Not Present | | |
| Deputy Clerk | Court Reporter / Recorder | Tape No. | |
| Attorneys Present for Plaintiffs: | | Attorneys Present for Defendants: | |

**Proceedings:** [IN CHAMBERS] ORDER DENYING MOTION TO REMAND AND GRANTING MOTION TO DISMISS

This case is an odd bird. Dwight D. Stirling brought an "Application of Assumption of Jurisdiction" over David Richard Lusk's law practice in Orange County Superior Court. The Application alleged that Lusk was engaged in the unauthorized practice of law in California because he lacked a California State Bar license. The United States, as a real party in interest, and Lusk timely removed the Application to this Court under 28 U.S.C. §§ 1442(a)(1) and 1442a. Generally speaking, those statutes allow federal officers or members of the armed forces to remove certain cases to federal court.

Pending are two motions: Stirling's Motion to Remand (Dkt. No. 8) and Lusk's Motion to Dismiss (Dkt. No. 7). At a hearing on July 25, 2016, the Court heard extensive oral argument on the Motions. The Court DENIES the Motion to Remand and GRANTS the Motion to Dismiss WITHOUT LEAVE TO AMEND.

1.     **PRELIMINARY MATTERS**

Before diving into the merits of the motions, some house-keeping is in store. First, judicial

JS - 6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SACV 16-0930 AG (JCGx) | Date | July 30, 2016 |
|---|---|---|---|
| Title | IN RE DAVID RICHARD LUSK | | |

notice. Two days after his reply was due, Stirling filed a request for judicial notice of various California Attorney General's opinions and a letter from the California Deputy Attorney General. (Dkt. No. 14.) The documents (the most recent of which is from 1975) discuss employment matters ranging from whether training time for California National Guard members should be counted for retirement purposes, to whether state guard personnel are entitled to certain travel expenses.

Not only is the request untimely, but also Stirling makes no more than cursory arguments as to why they are proper for judicial notice and why they are relevant to the pending motions. Accordingly, the Court DENIES the request for judicial notice.

Second, Local Rule 7-3. Lusk and the United States assert that Stirling didn't comply with Local Rule 7-3, which required the parties to meet and confer about the substance of the Motion to Remand at least seven days before Stirling filed it. Stirling disputes this accusation, arguing that the United States knew about the substance of the Motion to Remand, if not the timing, seven days before Stirling filed it. The Court takes the meet-and-confer requirement seriously, as it can promote private resolution of issues and civility among counsel. But it seems as if Stirling complied with the spirit of the rule and that the removing parties were not prejudiced by any technical deficiencies. The Court therefore declines to deny the Motion to Remand for failure to comply with Local Rule 7-3.

Finally, Lusk and the United States object to portions of Stirling declaration, signed under the penalty of perjury, as including statements without foundation. (Dkt. No. 16.) As the Court doesn't rely on Stirling's declaration for these Motions, the objection is MOOT.

**2.     BACKGROUND**

Understanding the background of these cases requires a little understanding of California's prohibition on the "unauthorized practice of law." California requires all persons practicing law in California to be active members of the California State Bar. *See* Cal. Bus. & Prof. Code § 6125. A person who practices law without an active California State Bar license engages in

JS - 6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SACV 16-0930 AG (JCGx) | Date | July 30, 2016 |
|---|---|---|---|
| Title | IN RE DAVID RICHARD LUSK | | |

the "unauthorized practice of law." *See id.* § 6126.

California has a few ways to enforce its prohibition on the unauthorized practice of law. For instance, persons can be suspended, disbarred, or even found guilty of a misdemeanor potentially punishable by one year in county jail. *See* Cal. Bus. & Prof. Code §§ 6126(a), (b). To further enforce the prohibition, California allows someone to submit a verified application in superior court notifying the court about persons engaged in the unauthorized practice of law. *Id.* § 6126.3(c). The application must state facts showing (1) probable cause to believe someone is engaged in the unauthorized practice of law, (2) the interest of the applicant, and (3) probable cause to believe that the interests of a client or of an interested person or entity will be prejudiced by the unauthorized practice. *Id.*

In response to the application, the court issues an order to show cause directing the targeted person to show cause why the court should not assume jurisdiction over her law practice. *Id.* § 6126(d). If the court finds the application meritorious, the court may issue an order assuming jurisdiction over the person's practice. *Id.* § 6126(e).

With that background in mind, let's turn to the facts of this case. On March 22, 2016, Stirling filed such an application alleging that Lusk was engaging in the unauthorized practice of law. ("Application," Dkt. No. 1-1.) In the Application, Stirling asserts that Lusk works for the California National Guard and provides legal representation to California state employees in the California Military Department. (*Id.* at 4, 5.) Stirling's Application asks the Orange County Superior Court to make an application to the Los Angeles County Superior Court for it to assume jurisdiction over Lusk's practice. (*Id.* at 3.)

Stirling's interests in bringing the Application are opaque, at best. In the Application, he states that Stirling served as an attorney in the California Military Department and is "concerned about the well-being of his fellow Departmental employees." (*Id.* at 6.) But other facts suggest that perhaps some bad blood between the parties developed after Stirling was alleged to have committed misconduct in a 2014 military court proceeding where Lusk was opposing counsel. (Lusk Decl. ¶ 12; *see also* Motion to Dismiss at 3.)

JS - 6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SACV 16-0930 AG (JCGx) | Date | July 30, 2016 |
|---|---|---|---|
| Title | IN RE DAVID RICHARD LUSK | | |

The hearing on these Motions didn't shed any additional light on Stirling's motives. Stirling continued to assert his interests in protecting California National Guardsmen from "non-attorneys." Yet the government was equally as adamant that Stirling was bringing the Application in bad faith. Specifically, the government accused Stirling of bringing this action to pursue a personal vendetta against Lusk and to create favorable precedent for Stirling's own defense in a case against him. Nothing at the hearing led the Court to believe any of those suspicions were untrue.

On May 20, 2016, Lusk and the United States removed the case under 28 U.S.C. §§ 1442(a)(1) and 1442a on the basis that Lusk is a federal officer and a member of the armed forces and that the United States is a real party in interest. Specifically, Lusk declares that he is federally certified Major Judge Advocate General ("JAG"), currently serving as Senior Defense Counsel for the California National Guard, a reserve component of the United States Army. (Lusk Decl. ¶¶ 1, 8. 11.)

Lusk came to that position following his service in the National Guard for Hawaii, where he is licensed as an attorney in good standing, and his deployment in Iraq for the United States Army. (*Id.* ¶¶ 4–7.) Lusk declares that he has never performed services in a California civilian court, and has worked exclusively for the National Guard since arriving in California. (*Id.* ¶¶ 8, 9.) He also works in a civilian capacity for the United States Navy in San Diego, California. (*Id.* ¶ 9.)

Following removal of the Application, Stirling brought the pending Motion to Remand. Lusk and the United States opposed that Motion and brought the pending Motion to Dismiss. The Court first addresses whether it has jurisdiction, which is a necessary prerequisite for the Court to rule on the Motion to Dismiss.

3. **MOTION TO REMAND**

Lusk and the United States removed this case under both 28 U.S.C. § 1442(a)(1) and 28 U.S.C. § 1442a. Among other things, Section 1442(a)(1) provides that a "civil action" filed in

JS - 6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SACV 16-0930 AG (JCGx) | Date | July 30, 2016 |
|---|---|---|---|
| Title | IN RE DAVID RICHARD LUSK | | |

state court "against or directed to" the United States or any officer of the United States "for or relating to any act under color of such office" may be removed by the United States or the officer to federal court. 28 U.S.C. § 1442(a)(1). Section 1442a provides for a similar right to remove any action against a member of the armed forces of the United States "on account of an act done under color of his office or status, or in respect to which he claims any right, title, or authority under a law of the United States respecting the armed forces." 28 U.S.C. § 1442a.

Under either statute, Lusk and the United States satisfy the requirements for removal.

First, the Application can be characterized as a "civil action." Section 1442(a)(1) defines a "civil action" as "any proceeding (whether or not ancillary to another proceeding) to the extent that in such proceeding a judicial order, including a subpoena for testimony or documents, is sought or issued." 28 U.S.C. § 1442(a)(1). The Application fits that broad definition, as it seeks a judicial order to show cause as to why Lusk's law practice should not be seized. Cal. Bus. & Prof. Code § 6126.3(d).

Second, the Application is against or directed to the United States or a federal officer. In the papers and at the hearing, the parties focused most of their attention on whether Lusk qualifies as a federal officer or a member of the federal armed forces as a federally certified JAG for the California National Guard. (Lusk Decl. ¶ 8.) Both sides raise non-frivolous arguments as to why that position may not qualify for removal. On one hand, Lusk serves as a JAG for the National Guard, which does not necessarily mean he is in active federal service for the United States Army. *See United States v. Hutchings*, 127 F.3d 1255, 1258 (10th Cir. 1997) ("Guardsmen do not become part of the Army itself until such time as they may be ordered into active federal duty by an official acting under a grant of statutory authority from Congress."). On the other hand, Lusk is not just any type of California National Guardsman — he is a Major in the JAG Corps, which is a special branch of the United States Army. *See* 10 U.S.C. § 3064(a)(2). Thus, Lusk's special position as a JAG who only practices in military courts martial seems to suffice to consider Lusk a federal official or a member of the United States armed forces for the purposes of removal.

JS - 6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SACV 16-0930 AG (JCGx) | Date | July 30, 2016 |
|---|---|---|---|
| Title | IN RE DAVID RICHARD LUSK | | |

Despite the parties' exclusive focus on whether Lusk's position qualifies for removal under Sections 1442(a)(1) or 1442a, the Court need not resolve that question as there is another basis for removal that neither party addressed at the hearing and Stirling doesn't directly address in his papers. Specifically, the United States is a real party in interest that has a right to a federal forum. "The general rule is that a suit is against the sovereign if the judgment sought would expend itself on the public treasury or domain, or interfere with the public administration." *Dugan v. Rank*, 372 U.S. 609, 620 (1963) (citation omitted). The Application here seeks to seize a law practice of a federally certified JAG. Such an action may interfere with the United States' operation of its federal JAG program, which currently only requires trial or defense counsel practicing in military courts martial to be members of any state bar. *See* 10 U.S.C. § 827(b); *accord* Military Court Martial Rule 502(d)(1). As such, the Application is effectively "directed to" the United States and its military operation regarding the licensure requirements for its attorneys practicing in military courts martial. And because the United States has a right to a federal forum, it properly removed the Application to this court under Section 1442(a)(1).

Stirling's remaining arguments to the contrary fail.

Let's begin with Stirling's argument that Lusk's justification for removal is a defense to the Application, but does not raise a "federal question" necessary to remove. (Motion to Remand at 2, 5.) It is true that a federal defense is insufficient to create federal question jurisdiction under 28 U.S.C. § 1331. *See Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987). But the United States and Lusk didn't remove under Section 1331. Instead, they removed under 28 U.S.C. §§ 1442(a)(1) and 1442a, which turn on the *status* of the removing party, not on the federal question presented on the face of a well-pleaded complaint. And all that is required to remove under Section 1442(a)(1) is a "colorable federal defense." *Mesa v. California*, 489 U.S. 121, 129 (1989). As discussed more later in this Order, the United States and Lusk have a persuasive federal defense of immunity under the *Feres* doctrine. That colorable federal defense is sufficient to maintain jurisdiction under Sections 1442(a)(1) and 1442a.

JS - 6
UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SACV 16-0930 AG (JCGx) | Date | July 30, 2016 |
|---|---|---|---|
| Title | IN RE DAVID RICHARD LUSK | | |

Finally, Stirling argues that the California Supreme Court has plenary power to regulate and discipline attorneys practicing in California. Thus, according to Stirling, federal courts lack jurisdiction over state bar "disciplinary proceedings." In support, Stirling cites a few New Mexico district court opinions holding that they didn't have jurisdiction over state bar disciplinary proceedings against federal prosecutors. *See Matter of Doe*, 801 F. Supp. 478 (D.N.M. 1992); *Matter of Gorence*, 810 F. Supp. 1234 (D.N.M. 1992).

Although Stirling's points about the plenary power of California regulating its attorneys carries some weight, they are not weighty enough to persuade the Court that it lacks jurisdiction over this action. To start, although it may feel like discipline to Stirling, the Application is not properly characterized as a state bar disciplinary proceeding. Instead, the Application asks the state court to seize Stirling's law practice. If Lusk's defense is correct, that would effectually allow the state to seize a federal military law practice. Stirling has provided no authority denying federal courts jurisdiction over such an action.

Further, the non-binding Land of Enchantment cases are not as enchanting as the Fourth Circuit's holding in *Kolibash v. Committee on Legal Ethics of West Virginia Bar*, 872 F.2d 571, 576 (1989), which determined that a district court erred in remanding a state disciplinary proceeding against a federal official. The Fourth Circuit found that characterizing a state disciplinary proceeding — with the power to subpoena witnesses and hold evidentiary hearings in an adversary setting — as "outside the operation of the removal statute [under Section 1442(a)(1)] would be to elevate form over substance." *Id.* To effectuate the purposes of the removal statute, the court held that "[i]f a state investigative body operates in an adjudicatory manner, and if a federal officer or his agent is subject to its process, the statutory requirements of § 1442(a)(1) are satisfied." *Id.*

Here, Stirling's characterizes the Application as "informational only." That characterization is not only inaccurate — as the Application asks a California court to set in motion the process of seizing Lusk's military law practice — but it also elevates form over substance. *Kolibash*, 872 F.2d at 576. Specifically, the Application gives the state court the power to determine if there is probable cause that Lusk is engaging in the unlawful practice of law and the potential

JS - 6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SACV 16-0930 AG (JCGx) | Date | July 30, 2016 |
|---|---|---|---|
| Title | IN RE DAVID RICHARD LUSK | | |

power to seize Lusk's law military law practice. Thus, the Application subjects a federal officer or entity to a state adjudicatory proceeding. Following *Kolibash*, that satisfies the requirements of Section 1442(a)(1).

More generally, the potential for such an extraordinary result as a state court seizing a military law practice regulated by the United States Army effectuates the purpose of Sections 1442(a)(1) and 1442(a) to provide the protection of a federal forum for the United States and to federal officials and members of the federal armed forces. *See Willingham v. Morgan*, 395 U.S. 402, 407 (1969) ("Congress has decided that federal officers, and indeed the Federal Government itself, require the protection of a federal forum. This policy should not be frustrated by a narrow, grudging interpretation of Section 1442(a)(1).").

Accordingly, the Court DENIES the Motion to Remand this action.

**4.     MOTION TO DISMISS**

Now that the Court has determined that jurisdiction is proper, the Court can turn to the Motion to Dismiss. The Court can dismiss the Application on a few grounds.

To start, Stirling lacks standing to maintain this action in federal court, as he openly admits that the Application "involves neither a case or controversy." (Motion to Remand at 3, 6.) And contrary to Stirling's contention that the unique nature of the Application doesn't require an actual case or controversy, this federal court's power only extends to cases that present live cases or controversies. *See* U.S. Const. art. III. Further supporting Stirling's lack of standing, Stirling has no apparent concrete or particularized injury resulting from Lusk's alleged unauthorized practice of law. *See Lujan v. Defs. of Wildlife*, 504 U.S. 555, 561 (1992). Even the California statute at issue incorporates some version of this standing requirement by requiring a petitioner to show an "interest" in bringing an application. Cal. Bus. & Prof. Code §§ 6126(c). But, as noted earlier, Stirling's motives in bringing the Application are opaque — at best — and in bad faith — at worst.

JS - 6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SACV 16-0930 AG (JCGx) | Date | July 30, 2016 |
|---|---|---|---|
| Title | IN RE DAVID RICHARD LUSK | | |

Apart from the justiciability concerns, the Application is barred by the so-called "*Feres* doctrine." *See Feres v. United States*, 340 U.S. 135 (1950). According to the Ninth Circuit, "[u]nder this doctrine, members of the armed forces may not bring an action against the Government or armed service personnel for injuries during activity under the control or supervision of a commanding officer." *Hodge v. Dalton*, 107 F.3d 705, 710 (9th Cir. 1997). The doctrine applies "whenever a legal action would require a civilian court to examine decisions regarding management, discipline, supervision, and control of members of the armed forces of the United States." *Id.* (internal marks and citations omitted).

The doctrine is "not limited to suits against the United States," but also extends to actions brought against National Guard members." *Bowen v. Oistead*, 125 F.3d 800, 804 (9th Cir. 1997) (citing *Stauber v. Cline*, 837 F.2d 395, 399 (9th Cir. 1988)). And whether or not a National Guard member was on active duty does not affect the application of the doctrine. *Id.* Thus, in *Bowen*, the guardsman's status as a member of the National Guard triggered application of the *Feres* doctrine, even though he was "serving as a member of the Alaska Air National Guard under the direct authority of state officers." *Id.* Similarly here, the Application would require a California civilian court to examine the United States' management and control of its Judge Advocates. Thus, like in *Bowen*, whether Lusk was currently serving as a member of the California National Guard under the direct authority of state officers doesn't affect the application of the *Feres* doctrine. The *Feres* doctrine therefore applies and bars the Application against Lusk.

As those arguments are sufficient to dismiss this action, the Court need not address in detail Lusk's remaining arguments — including that the case is not reviewable under *Wallace v. Chappell*, 661 F.2d 729, 732 (9th Cir. 1981), or that there is a rational distinction between state and military law licensing requirements under *United States v. Clark*, 195 F.3d 446, 451–52 (9th Cir. 1999), or that the Application violates the Supremacy Clause of the U.S. Constitution — although those arguments seem to be other good bases to dismiss the action.

The Court therefore DISMISSES the action, WITHOUT LEAVE TO AMEND.

JS - 6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SACV 16-0930 AG (JCGx) | Date | July 30, 2016 |
|---|---|---|---|
| Title | IN RE DAVID RICHARD LUSK | | |

**5. DISPOSITION**

The Court DENIES the Motion to Remand and GRANTS the Motion to Dismiss WITHOUT LEAVE TO AMEND.

The Court reaches this result after reviewing all the arguments made and admissible evidence presented by the parties. Any argument not specifically addressed was either unpersuasive or not necessary to reach the Court's holding.

: 0

Initials of Preparer    lmb